**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 12 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Guillermina Castillo Estrada,<br><br>    Petitioner,<br><br>  v.<br><br>Merrick B. Garland, U.S. Attorney General,<br><br>    Respondent. | No. 21-825<br><br>Agency No.<br>A076-362-490<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2023[**]
Pasadena, California

Before: BRESS and MENDOZA, Circuit Judges, and ERICKSEN,[***] District
Judge.

Guillermina Castillo Estrada, a national of Mexico, petitions for review of

a Board of Immigration Appeals (BIA) order denying her motion to reopen

removal proceedings to pursue asylum, withholding of removal, and relief under

---

[*] This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Joan N. Ericksen, United States District Judge for
the District of Minnesota, sitting by designation.

the Convention Against Torture (CAT). We review for abuse of discretion the BIA's denial of a motion to reopen. *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017). Having jurisdiction pursuant to 8 U.S.C. § 1252, we deny the petition.

Because this is Castillo Estrada's second motion to reopen and was filed more than 90 days after entry of a final order of removal, it ordinarily would be time- and number-barred. *See* 8 U.S.C. § 1229a(c)(7). But these limitations do not bar a motion to reopen to apply for asylum, withholding of removal, or CAT relief based on a material change in country conditions in the country of removal. 8 C.F.R. § 1003.2(c)(3); *Agonafer*, 859 F.3d at 1203–04. To prevail on a motion to reopen based on changed country conditions, a movant must show, among other things, prima facie eligibility for the relief sought. *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008). Prima facie eligibility requires a "reasonable likelihood" that she has satisfied the statutory requirements for relief. *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1080 (9th Cir. 2013).

1. The BIA correctly concluded that Castillo Estrada did not establish prima facie eligibility for asylum or withholding of removal under Section 241(b)(3) of the Immigration and Nationality Act (INA). She failed to make a prima facie showing that membership in a particular social group—here, her family—or any other statutorily protected ground would be at least "a reason" for any persecution she might face upon removal to Mexico. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). The letters Castillo

2

Estrada provided describing attacks on her sister and nephew did not show that these attacks were motivated by family membership or that Castillo Estrada would be persecuted based on her family membership upon return to Mexico.

2.    The BIA did not err in concluding that Castillo Estrada did not show prima facie eligibility for CAT relief.  Castillo Estrada's evidence, including the brief statements regarding past attacks against her family members for unspecified reasons, did not "show that there is a reasonable likelihood that she will be able to show that it is more likely than not she will be tortured if returned to [Mexico]." *See Kaur v. Garland*, 2 F.4th 823, 837 (9th Cir. 2021).

Because Castillo Estrada did not show prima facie eligibility for relief, the BIA did not abuse its discretion by denying her motion to reopen.

**PETITION DENIED.**